IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 10-114 |
| | ) | Electronically Filed |
| KENNETH McGAVITT | ) | |

Memorandum Order on Motion for Release Pending Appeal (doc. no. 107)

Currently pending before this Court is defendant's motion for release pending appeal (doc. no. 107), and the government's response in opposition thereto (doc. no. 109). Following a jury trial, on June 29, 2011, defendant was convicted of two counts of mail fraud, in violation of 18 U.S.C. § 1341. On January 17, 2012, defendant was sentenced to, *inter alia*, a term of imprisonment of fifty-seven (57) months, with voluntary surrender (to occur on March 14, 2012). On January 25, 2012, defendant filed his notice of appeal.

In *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit set forth the following four (4) criteria that a defendant must demonstrate in order to support an application for release under the Bail Reform Act of 1984, 18 U.S.C. § 3143(b):

> (1) defendant is not like to flee or pose a danger to the safety of the community or any other person if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

While the government concedes, and this Court agrees, that there is no evidence that defendant is likely to flee or pose a danger to the community, at least two (2) of the remaining three (3) factors counsel against a grant of defendant's release pending appeal.

Defendant raises one (1) sole argument in support of his position that the appeal raises a "substantial" question of law or fact: whether the proper scope of a government witness's cross-examination should include that witness's 2006 conviction on child pornography charges. During trial, the Court issued an opinion setting forth its decision that the prejudicial effect associated with the child pornography conviction outweighed the probative value of this evidence under Fed. R. Evid. 609 and 403 (doc. no. 67).

The critical portion of the Court's opinion bears repeating:

> According to the parties, in 2006, witness B.R. pleaded guilty to dissemination, illegal use of a communication device, and possession of child pornography. In determining whether the prior conviction of witness B.R. is a proper area for cross-examination under the Federal Rules of Evidence 609 and 403, this Court has considered and weighed the following four factors: (1) the nature of the prior crime; (2) the age of the prior conviction; (3) the importance of the witness's testimony; and (4) the importance of the witness's credibility. *United States v. Johnson*, 388 F.3d 96, 103-104 (3d Cir. 2004); *United States v. Ivins*, 2010 WL 2635799 (E.D. Pa. June 28, 2010).
>
> The first factor, the nature of the criminal conviction (child pornography), weighs in favor of exclusion. B.R.'s criminal conviction for child pornography is of limited probative value because the evidence of this criminal conviction has very little (if any) bearing upon B.R.'s veracity or credibility. Further, its relative prejudicial value, especially given the nature of the criminal conduct, is great. See *Ivins*, 2010 WL 2635799 (where Court excluded evidence of child pornography conviction of witness finding that it did not weigh heavily on issue of the veracity of the witness and that it had an especially prejudicial effect). The second, third and fourth factors remain neutral in that the conviction occurred approximately five years ago, and the importance of the witness testimony (and credibility), is not particularly critical to the charges.
>
> For these reasons, the Court finds that the prejudicial effect of evidence regarding B.R.'s prior criminal conviction outweighs its probative value. Therefore, the Court hereby **GRANTS** the government's Motion in Limine pursuant to Fed. R. Evid. 609 and 403. Doc. No. 59.

Doc. No. 67.

Given the Court's opinion, after hearing the testimony on direct-examination of the government witness, that the importance of this witness testimony is not particularly critical to the charges, the Court finds that this evidentiary ruling, which comprises the primary issue on appeal, does not constitute a "substantial" question of law or fact to justify release pending appeal.

In order for defendant to succeed on his appeal regarding this evidentiary ruling, he would have to establish that this Court abused its discretion in precluding this line of questioning on cross-examination. Simply put, the Court does not believe that defendant has a "substantial" question of law in this regard.

Further, after observing the trial witnesses, and the overwhelming evidence presented by the government, the Court believes that a reversal or a new trial is unlikely given the amount of evidence presented against defendant, and the jury's speedy determination of guilt on both counts of the Indictment.[1]

For all these reasons, defendant's motion for release pending appeal (doc. no. 107) is DENIED.

**SO ORDERED** this 6th day of March, 2012.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[1] The Court notes that given the low likelihood of success on appeal, it may be inferred that the appeal is sought for purposes of delay.